UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK BUNCH,<br><br>    Plaintiff,<br><br>v.<br><br>CPL. CLARK SARGENT, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00760<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Pro se Plaintiff Patrick Bunch is a pretrial detainee in the custody of the Davidson County Sherriff's Office in Nashville, Tennessee, and appears in this Court *in forma pauperis*. (Doc. No. 4, PageID# 33.) The Court previously ordered Bunch to complete a service packet for each of the six defendants in this action and return them to the Clerk's Office by no later than September 11, 2018. (*Id.* at PageID# 38.) As of October 4, 2018, Bunch had not returned a completed service packet for any defendant. (Doc. No. 6, PageID# 45.) The Court therefore ordered Bunch to show cause why his claims should not be dismissed for failure to prosecute and, if Bunch intended to pursue his claims, instructed him to return completed service packets with his response. (*Id.*) Bunch returned completed service packets for five of the six defendants on October 23, 2018, and process issued to those five defendants on October 26, 2018. (Doc. No. 7.) However, Bunch still has not returned a completed service packet for Defendant Austin Dale. It therefore appears that Bunch has abandoned his claims against Dale, and the Magistrate Judge will RECOMMEND that Bunch's claims against Dale be DISMISSED WITHOUT PREJUDICE for the reasons that follow.

**I.       Factual and Procedural Background**

This action began on August 14, 2018, when Bunch filed a pro se complaint for alleged violations of his civil rights under 42 U.S.C. § 1983 against Defendants Clark Sargent, Kevin Cole, Jamie Johnson (J. Johnson), Kimberleigh Spohn, Christian Johnson (C. Johnson), and Austin Dale in their individual and official capacities. (Doc. No. 1.) On August 21, 2018, the Court granted Bunch's application to proceed *in forma pauperis* and reviewed Bunch's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. No. 4.) The Court dismissed Bunch's official-capacity claims against all defendants, but allowed his individual-capacity claims to proceed against Defendants Dale, Spohn, C. Johnson, and Sargent for constitutionally excessive force and against Defendants Cole and J. Johnson for supervisory liability. (*Id.* at Page ID #36–37.) The Court ordered Bunch to complete a service packet for each defendant and to return those service packets to the Clerk's Office by no later than September 11, 2018. (*Id.* at PageID# 38.) Bunch did not do so.

On October 4, 2018, the Court ordered Bunch to show cause by October 30, 2018, why his claims should not be dismissed for failure to prosecute. (Doc. No. 6, PageID# 45.) The Court further ordered that, "[i]f Bunch intends to pursue this action, he shall include a completed service packet for each defendant with his response to [the Court's] order." (*Id.*) Bunch returned completed service packets for Defendants Sargent, Cole, J. Johnson, Spohn, and C. Johnson on October 23, 2018, and process issued to those defendants on October 26, 2018. (Doc. No. 7.) As of the date of this report and recommendation, Bunch has not returned a service packet for Dale, and Dale has not been served.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). The language of Rule 41(b) contemplates dismissal of either the entire "action or any claim . . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Four factors guide the Court's determination of whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in

3

which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of Bunch's claims against Dale is appropriate under Rule 41(b). The four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Bunch.

    **A.     Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Bunch returned completed service packets for Defendants Sargent, Cole, J. Johnson, C. Johnson, and Spohn. (Doc. No. 7.) His failure to return a service packet for Dale therefore appears to be a problem of his own making. "Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing

4

Case 3:18-cv-00760    Document 15    Filed 03/04/19    Page 4 of 7 PageID #: 98

pro se prisoner plaintiff's failure to return service packets or respond to show cause order "to his own willfulness or fault"). This factor therefore supports dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). All of the other defendants in this action have been served and have filed a motion for summary judgment against Bunch. (Doc. No. 10.) Any prejudice to those defendants resulting from Bunch's failure to return a service packet for Dale therefore appears to be minimal and does not clearly support dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Bunch that failure to respond to the show cause order could result in a recommendation that his claims be dismissed. (Doc. No. 6, PageID# 45.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3

(granting motion to dismiss for failure to prosecute where court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that Bunch's claims against Defendant Dale be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and that Dale be terminated as a defendant in this action.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of March, 2019

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge