# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PATRICK BUNCH, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-760 |
| | ) CHIEF JUDGE CRENSHAW |
| CPL. CLARK SARGENT, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge concluding that Plaintiff's claims against Defendant Dale should be dismissed for failure to prosecute. (Doc. No. 15.) No objection has been filed.

On October 4, 2018, the Magistrate Judge ordered Bunch to show cause why all of his claims should not be dismissed. The Magistrate Judge instructed Plaintiff that if he wished to continue with this action, he needed to submit completed service packets for each Defendant. (Doc. No. 6.) Plaintiff submitted service packets for Defendants Sargent, Cole, J. Johnson, Spohn, and C. Johnson on October 23, 2018, and process issued to those defendants on October 26, 2018. (Doc. No. 7.) However, Plaintiff did not return a service packet for Defendant Dale, and Dale has not been served. (Doc. No. 15 at 2.)

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (citing Knoll v. AT&T, 176 F.3d 359, 362-63 (6th Cir. 1999); see also Local Rule 41.01 (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable

period of time without any action having been taken by any party"). It is, therefore, "well-settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013). Four factors guide the Court's determination of whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. Knoll, 176 F.3d at 363 (citing Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id. (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)).

The Court agrees with the Magistrate Judge that Plaintiff's failure to return a service packet for Defendant Dale (particularly when Plaintiff returned the packets for other Defendants) is a problem of his own making. "Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault." Hatcher v. Dennis, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018). This is true even for a *pro se* prisoner. Estes v. Smith, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018). This factor therefore supports dismissal. As mentioned, the Court expressly warned Plaintiff that failure to respond to the show cause order could result in a recommendation that his claims be dismissed. (Doc. No. 6.) This factor therefore supports dismissal. Schafer, 529 F.3d at 740. Finally, the Court also agrees with the Magistrate Judge that the lesser sanction of dismissal without prejudice is appropriate in cases where, as here, the plaintiff appears *pro se*.

Plaintiff has simply been unnecessarily contumacious, despite being given a chance to make service of Defendant Dale right with the Court. Accordingly, the Report and Recommendation (Doc. No. 15) is **APPROVED AND ADOPTED**. Pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's claims against Defendant Dale are **DISMISSED WITHOUT PREJUDICE**. This case is returned to the Magistrate Judge.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE